IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAMONTE HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 17 C 3892 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On May 22, 2017, pro se Petitioner Shamonte Hall filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court dismisses Petitioner's § 2255 motion as untimely and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2255(f). [1].

**BACKGROUND**

On June 11, 2008, a grand jury returned a multi-count indictment charging Petitioner and his co-defendants with multiple offenses. (08 CR 386, R. 14.) More specifically, the indictment charged Petitioner with one count of conspiring to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count One); one count of attempting to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count Two); one count of knowingly possessing a firearm in furtherance of and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); and one count of being a felon in possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(g)(1) (Count Four).

Petitioner and his two co-defendants proceeded to trial on February 11, 2009. (R. 117.) On February 20, 2009, the jury returned its verdict as to all three defendants. In particular, the jury found Petitioner not guilty on Count One, but guilty on Counts Two, Three, and Four. (R. 124.) On June 29, 2009, now-retired District Court Judge David Coar sentenced Petitioner. (R. 169.) In his sentencing memorandum, Petitioner argued that the United States Sentencing Guidelines range on Counts Two and Four were 78 to 97 months and asked for a combined sentence of 120 months' imprisonment, namely, 60 months on Counts Two and Four, and 60 months on Count Three. (R. 167, 6/24/09 Sent. Mem., at 9.) After hearing arguments from the parties, the district court agreed with the recommendation of the U.S. Probation Department that the sentencing guidelines range on Counts Two and Four was 110 to 137 months' imprisonment, and that Petitioner faced a mandatory minimum 60-month sentence on Count Three to be served consecutively to his sentence on Counts Two and Four. (17 C 3892, R. 6, Ex. 1, Sentencing Hr'g Tr., at 20:8-18.)

After the sentencing court made these findings on the guidelines range, Petitioner's attorney argued for a sentence at the low end of the guidelines range. The sentencing court and Petitioner's counsel had the following exchange:

> The Court: I'm not quite sure how you get to – your recommended sentence is 10 years.
>
> Counsel: Judge, you would have to have accepted our objections to get there.
>
> The Court: Okay.
>
> Counsel: So we're not there. I think we're pretty much where probation recommended.

2

(*Id.* at 20:1-7.) The district court sentenced Petitioner to a term of imprisonment of 115 months on Counts Two and Four and 60 months on Count Three, to be served consecutively to the term imposed on Counts Two and Four, for a total of 175 months imprisonment. (R. 169.)

Petitioner then appealed his conviction arguing that the district court erred by refusing to instruct the jury on the affirmative defense of entrapment. *See United States v. Hall*, 608 F.3d 340, 341 (7th Cir. 2010). Petitioner, however, did not appeal his sentence. On June 17, 2010, the Seventh Circuit affirmed Petitioner's conviction. *See id.* at 347. Thereafter, Petitioner did not file a petition for certiorari to the United States Supreme Court.

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, to obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Swanson v. United States,* 692 F.3d 708, 714 (7th Cir. 2012) (citation omitted). Accordingly, a § 2255 motion is not a substitute for a direct appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under § 2255 "will not be allowed to do service for an appeal"). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *See Brown v. Brown,* 847 F.3d 502, 518 (7th Cir. 2017).

3

## ANALYSIS

**I.    Statute of Limitations – 28 U.S.C. §  2255(f)**

In general, a federal prisoner has one year from the date on which his judgment became final to file a § 2255 motion.  *See Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Lombardo v. United States,* 860 F.3d 547, 551 (7th Cir. 2017); 28 U.S.C. § 2255(f)(1).  A judgment is "final" for purposes of § 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *See Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  Here, Petitioner did not file a file a petition for a writ of certiorari to the United States Supreme Court, therefore, he had until mid-September 2011 to file the present § 2255 motion.  Petitioner, however, filed the present § 2255 motion – his first – in May 2017, thus it is untimely.

Nevertheless, Petitioner argues that he may bring his § 2255 motion because the Supreme Court's decision in *Dean v. United States,* 137 S.Ct. 1170 (2017) entitles him to a resentencing hearing.  In *Dean*, the "Supreme Court held that 18 U.S.C. § 924(c)(1)(D)(ii), which requires a sentence under § 924(c) to run consecutively to the sentence for the offense in which the firearm was used, does not implicitly forbid the district court to choose a term of imprisonment for the predicate offense so that the aggregate imprisonment comports with the sentencing criteria in 18 U.S.C. § 3553(a)."  *United States v. Wheeler,* 857 F.3d 742, 745 (7th Cir. 2017).  Accordingly, Petitioner asserts that the Supreme Court's decision in *Dean* overruled the Seventh Circuit's decision in *United States v. Roberson,* 474 F.3d 432 (7th Cir. 2007), "which had held that a district court must not reduce the sentence for the predicate crime in order to offset the

4

consecutive § 924(c) sentence." *Wheeler*, 857 F.3d at 745 (defendant "correctly observes that *Dean* supersedes *United States v. Roberson,* 474 F.3d 432 (7th Cir. 2007)").

Construing his pro se allegations liberally, *see Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017), Petitioner is arguing that his present § 2255 motion is timely under § 2255(f)(3) based on the Supreme Court's decision in *Dean*. "Under 28 U.S.C. § 2255(f)(3), a motion is timely if filed within one year of 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Vitrano v. United States,* 721 F.3d 802, 807-08 (7th Cir. 2013); *see also Davis v. United States,* 817 F.3d 319, 326 (7th Cir. 2016).

Key to the Court's analysis under § 2255(f)(3) is whether the Supreme Court's *Dean* decision applies retroactively to this collateral attack. *See Yates v. United States,* 842 F.3d 1051, 1052 (7th Cir. 2016). The *Dean* Court made no mention of applying its holding retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such. Further, Petitioner has failed to establish that *Dean* recognizes a new right and that it applies retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 312 (1989). Under these circumstances, Petitioner's reliance on *Dean* and § 2255(f)(3) is misplaced. Thus, the Court denies Petitioner's § 2255 motion as untimely.

## II.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial

5

showing of the denial of a constitutional right. *See id.* at 336; *Flores-Ramirez v. Foster,* 811 F.3d 861, 865 (7th Cir. 2016). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Because Petitioner has not demonstrated that reasonable jurists would disagree as to the Court's timeliness consideration, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court dismisses Petitioner's motions to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 as untimely and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** July 31, 2017

                                              **ENTERED**

                                              _____
                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**